UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JEREMY BLUE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-03069-SEB-MPB |
| | ) | |
| SHAW, | ) | |
| K. WHITE, | ) | |
| C. SCHILLING, | ) | |
| A. PLASTER, | ) | |
| A. REYNOLDS, | ) | |
| MADDEN, | ) | |
| RED, | ) | |
| KNIESER, | ) | |
| ZATECKY, | ) | |
| ALSIP, | ) | |
| REGAL, | ) | |
| MARCS, | ) | |
| J. DULING, | ) | |
| | ) | |
| Defendants. | ) | |

**Order Screening Complaint,
Dismissing Deficient Claims,
and Directing Issuance and Service of Process**

Indiana Department of Correction (IDOC) inmate Jeremy Blue filed this 42 U.S.C. § 1983 action on November 25, 2020. Dkt. 1. Mr. Blue was granted leave to proceed *in forma pauperis*, dkt. 13, and paid the assessed initial partial filing fee on January 4, 2021, dkt. 15. Additional fee payments have been made. The complaint is now ready for screening.

**I. Screening Standard**

Every complaint or amended complaint filed by a prisoner is subject to the screening requirements of 28 U.S.C. § 1915A(b). This statute requires the Court to dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which

relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (same). The Court construes *pro se* pleadings liberally and holds *pro se* pleadings to less stringent standards than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

## II. The Complaint

In his complaint, Mr. Blue names thirteen defendants: (1) Shaw; (2) K. White; (3) C. Schilling; (4) A. Plaster; (5) A. Reynolds; (6) Madden; (7) Red; (8) Knieser; (9) Zatecky; (10) Alsip; (11) Regal; (12) Marcs; and (13) J. Duling. Mr. Blue seeks injunctive relief and monetary – compensatory and punitive – damages. The following allegations are made in Mr. Blue's complaint.

On August 31, 2020, Mr. Blue was being escorted to his cell by defendant J. Duling when another offender threw a boiling liquid on him causing first and second degree burns to a large part of his body. Dkt. 1 at 3. Defendant Shaw escorted Mr. Blue to the infirmary where defendant K. White applied cream to Mr. Blue's upper body but refused to treat his lower body or send him to a hospital for treatment. *Id.*

Shaw then escorted Mr. Blue back to the D.O. Building where two officers viewed his injuries. Photographs were taken. *Id.* at 4. The officers commented that Mr. Blue's injuries were

"getting extremely worst [sic] and fast." *Id.* Shaw stated that Mr. Blue was not going to the hospital and that the nurse would not see him again. *Id.*

The next day, Mr. Blue was taken to the infirmary for an EKG. He refused to be treated by defendant Madden. *Id.* But at some point Mr. Blue saw defendant Knieser who diagnosed him with first and second degree burns, noted that he must be in a lot of pain, and then sent him back to the infirmary. *Id.* At the infirmary, defendant Plaster applied new cream over the old cream and gave Mr. Blue an injection of pain medication in his buttocks.

For several more days, Mr. Blue had to go to "extreme measures" – draping himself with extra clothing – to safely get on and off his range because the inmate who threw the boiling liquid at him had not been moved. Mr. Blue asserts that defendants Alsip, Regal, Zatecky, Shaw, Marcs, and Red exhibited disregard for his safety because of the other inmate's history and the extreme danger he posed. *Id.* at 4.

For the next several weeks, defendants Plaster, Reynolds, and Schilling continued to improperly treat Mr. Blue's injuries by applying new burn cream over the old cream, not properly cleaning his wounds, and denying him the use of a bathtub or shower. *Id.* at 5.

When medical providers ran out of the cream, they began using an ointment. The directions and warnings label on the ointment applied to Mr. Blue's burns provided that it should not be used over large areas of the body or longer than seven days and instructed that the affected area should be cleaned and dried thoroughly. *Id.* Despite these instructions and warnings, defendant Plaster and Reynolds applied the ointment in large quantities to Mr. Blue's large wounds. *Id.* at 5-6.

Sometime in September 2020, defendant Madden was applying ointment and stopped, announced that Mr. Blue was healed, and that he needed to let the rest of the injury heal on its

3

own. *Id.* at 6. Then, despite having scheduled several appointments for treatment, Mr. Blue was not seen by the medical providers. *Id.* at 6-7.

Mr. Blue asserts the following claims in his complaint:

- Eighth Amendment failure to protect him from the initial assault against J. Duling.

- Eighth Amendment claims of deliberate indifference against A. Plaster, A. Reynolds, and Madden for their actions in treating his burn wounds with excessive amounts of cream and ointment. *Id.* at 8.

- Eighth Amendment claims of deliberate indifference against K. White, C. Schilling, A. Plaster, A. Reynolds, and Madden for not properly cleaning his burn wounds. *Id.*

- Eighth Amendment deliberate indifference claim against Knieser for observing his wounds and sending him to the facility medical providers rather than a hospital, for prescribing him triple antibiotic ointment and double antibiotic ointment, and for observing the misconduct of Schilling, Plaster, Reynolds, and Madden, and failing to correct it and encouraging it. *Id.*

- Eighth Amendment claim of deliberate indifference against A. Plaster for injecting him in the buttocks with pain medication. *Id.* at 8-9.

- Eighth Amendment deliberate indifference claim against Madden for prematurely discontinuing his medical treatment, and against A. Reynolds for using a pain injection needle and gauze to pop and drain large blisters. *Id.* at 9.

- Eighth Amendment failure to protect claim against Shaw, Zatecky, Red, Alsip, Regal, and Marcs, for failing to relocate the assailant away from Mr. Blue's cell area. *Id.*

- Eighth Amendment failure to protect claim against Shaw, Red, Alsip, Regal, and Marcs for their failure to correct the mistakes of, and instead encouraging, the misconduct of Zatecky, Alsip, Regal, and Marc.

### III. Discussion

Applying the screening standard explained in Section I and the applicable substantive law to Mr. Blue's complaint, some claims shall be dismissed and some shall proceed.

The Eighth Amendment claim against J. Duling for failure to protect Mr. Blue from the assailant's battery is **dismissed** for failure to state a claim upon which relief can be granted. There is no allegation or suggestion that J. Duling was informed of and aware of a danger to Mr. Blue by the assailant before the battery occurred. Under the Eighth Amendment, prison officials have a duty to "'take reasonable measures to guarantee the safety of inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 1 (1992)). To prevail on an Eighth Amendment failure to protect claim, a plaintiff must demonstrate two elements: (1) he was exposed to an objectively serious risk of harm; and (2) the defendant knew about risk of harm but disregarded that risk. *Id*. at 837.

To state a claim for deliberate indifference to a serious medical need in violation of the Eighth Amendment, a prisoner must allege (1) an objectively serious medical condition and (2) facts suggesting that the defendant knew about the plaintiff's condition and the substantial risk of harm it posed but disregarded that risk. *Farmer,* 511 U.S. at 834; *Pittman ex rel. Hamilton v. Cnty. of Madison*, 746 F.3d 766, 775 (7th Cir. 2014). None of Mr. Blue's allegations implicate the second prong of the *Farmer* test.

The assertion that Knieser observed and failed to correct the misconduct of the other medical providers suggests Knieser was in a supervisory role. There is no *respondeat superior* or vicarious liability in § 1983 cases. "Individual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted) (citing *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869

5

(7th Cir. 1983) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault. An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation. . . . . A causal connection, or an affirmative link, between the misconduct complained of and the official sued is necessary."))

The Eighth Amendment claim against A. Plaster for injecting Mr. Blue in the buttocks with pain medication is **dismissed** for failure to state a claim upon which relief can be granted. Nothing is pled, and nothing can be inferred from these allegations, that the injection of pain medication into a buttock is in any way deliberate indifference.

The Eighth Amendment failure to protect claim against Shaw, Zatecky, Red, Alsip, Regal, and Marcs for failing to relocate the assailant away from Mr. Blue's cell area is **dismissed** for failure to state a claim upon which relief can be granted. There is no constitutional requirement that an assailant be moved away from a battery victim. Mr. Blue was not thereafter injured by the assailant, thus he has not pled a constitutional claim.

The Eighth Amendment failure to protect claim against Shaw, Red, Alsip, Regal, and Marcs for their failure to correct the misconduct of Zatecky, Alsip, Regal, and Marc is **dismissed** for failure to state a claim upon which relief can be granted. Section 1983 liability depends on the personal involvement of the defendant in the injurious conduct, and no such conduct has been alleged.

An Eighth Amendment deliberate indifference to serious medical needs **shall proceed** against defendants K. White, Madden, A. Reynold, A. Plaster, C. Schilling, and Knieser as pled, with the exception of the specific claim against A. Plaster that was dismissed above.

These are the only viable § 1983 claims the Court discerns from the complaint. If Mr. Blue believes the Court has overlooked a claim and/or defendant, he shall have through **April 30, 2021**,

in which to file a motion to reconsider bringing such matters to the Court's attention, or to file an amended complaint that cures the deficiencies identified in this Order.

### IV. Issuance and Service of Process

The **clerk is directed** pursuant to Federal Rule of Civil Procedure 4(c)(3) to issue process to defendants K. White, Madden, A. Reynold, C. Schilling, Knieser, and A. Plaster in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt. 1, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The **clerk is directed** to terminate from the docket as defendants Shaw, Red, Zatecky, Alsip, Regal, Marcs, and J. Duling.

The **clerk is directed** to electronically send a courtesy copy of this Order and the complaint to Wexford of Indiana, LLC. The Court understand the defendants to be medical providers and employees of Wexford. If any of the defendants is no longer employed by Wexford or otherwise does not waive service of process, the Court requests Wexford to inform the Court of those employees' last known address where they may be served with summons. Such notification may be made informally and ex parte.

**IT IS SO ORDERED**.

Date: 4/1/2021

_Sarah Evans Barker_

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Jeremy Blue 245250
Pendleton - Correctional Industrial Facility
Inmate Mail/Parcels
5124 West Reformatory Road
Pendleton, IN 46064

K. White
Medical Provider
Pendleton - Correctional Industrial Facility
5124 West Reformatory Road
Pendleton, IN 46064

A. Plaster
Medical Provider
Pendleton - Correctional Industrial Facility
5124 West Reformatory Road
Pendleton, IN 46064

A. Reynolds
Medical Provider
Pendleton - Correctional Industrial Facility
5124 West Reformatory Road
Pendleton, IN 46064

C. Schilling
Medical Provider
Pendleton - Correctional Industrial Facility
5124 West Reformatory Road
Pendleton, IN 46064

Kneiser
Medical Provider
Pendleton - Correctional Industrial Facility
5124 West Reformatory Road
Pendleton, IN 46064

Madden
Medical Provider
Pendleton - Correctional Industrial Facility
5124 West Reformatory Road
Pendleton, IN 46064

Electronic copy to Wexford of Indiana, LLC